**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| JONATHAN LEMONE VAUGHN, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> FNU BARNETT, ET AL., § <br> § <br> Defendants. § | **CIVIL ACTION NO. 5:18-CV-00126-RWS** |

**ORDER**

The Plaintiff Jonathan Vaughn, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Plaintiff named Central Grievance Office official R. Barnett and Telford Unit officers CO III John Frachiseur, Sgt. Donna Duncan, Lt. Derek Sartain, and Captain Tony Rust.

**I.      THE PLAINTIFF'S CLAIMS AND THE INITIAL REPORT**

Plaintiff complained of a use of force incident occurring June 1, 2017. He stated he was repeatedly punched and hit with a slot bar and a radio even though he was not aggressive and did not violate any rules. Grievance officer Barnett denied Plaintiff's Step Two grievance appeal.

The Magistrate Judge issued an Initial Report recommending the Plaintiff's claims against Grievance Officer Barnett be dismissed because Plaintiff does not have a liberty interest in the

prison grievance procedure and thus no protected interest in having grievances resolved to his satisfaction. Plaintiff filed objections to this Report arguing he has "a constitutionally protected liberty interest in having grievances resolved by officials for the Plaintiff Vaughn (prisoner)'s best/better liberty interest, equality interest, justice." Thus, Plaintiff argues because Grievance Officer Barnett responded to his grievance without interest in protecting Plaintiff's liberty, this caused Plaintiff to suffer emotional distress and thereby violated his right to due process (Docket No. 35 at 1).

## II. THE REMAINING DEFENDANTS' MOTION TO DISMISS

The remaining Defendants filed a motion to dismiss contending Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). They state Plaintiff was convicted of two counts of assault on a public servant for the incident of June 1, 2017 in that he struck Officer Frachiseur with his hand and struck and/or bit Sgt. Duncan with his hand and/or mouth. Because Plaintiff's lawsuit implicates the validity of his convictions, Defendants argue the lawsuit is barred until such time as he can show that the convictions have been overturned, expunged, or otherwise set aside.

## III. THE MAGISTRATE JUDGE'S REPORT AND PLAINTIFF'S OBJECTIONS

After review of the pleadings, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted and the claims against the remaining Defendants be dismissed as barred by *Heck*. In his first set of objections, Plaintiff states he has proven the videos were altered or edited and the Defendants lied in order to obtain the conviction. He points to a document he filed in April of 2020 (Docket No. 64) in which he argues the use of force video and the surveillance video have discrepancies and do not show everything which happened. As a result, he states he has "exceeded/excluded" the *Heck* conditions.

In his amended objections, Plaintiff cites Rule 102 of the Federal Rules of Evidence, which says the rules should be construed so as to administer proceedings fairly to the end of ascertaining truth and securing a just determination. He again states he has produced evidence showing the videos were altered and the Defendants lied to secure his conviction. He contends he has called his conviction into question through his statement of claim and he has proven beyond a reasonable doubt that the Defendants acted unlawfully. Plaintiff asserts this is "a federal writ, in the essence" and so his lawsuit should be allowed to proceed under *Heck*.

## IV.   DISCUSSION

### A.  The Claims Against Grievance Officer Barnett

The Magistrate Judge correctly determined Plaintiff lacks a protected liberty interest in the grievance procedure or in having grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *Staples v. Keffer*, 419 F.App'x 461 (5th Cir. 2011). Even though Vaughn disagreed with the response to his Step Two grievance appeal, this does not state a claim upon which relief may be granted against Grievance Officer Barnett. Plaintiff's objections in this regard are without merit.

### B.  The Claims Against the Other Defendants

The Magistrate Judge recommended dismissal of the claims against the Defendants other than Grievance Officer Barnett because these claims implicate the validity of Plaintiff's convictions for assault on a peace officer. The Magistrate Judge thus reasoned that the lawsuit cannot proceed until these convictions have been overturned, expunged, or otherwise set aside. *Heck*, 512 U.S. at 486.

Plaintiff's objections assert he has proven his conviction is wrongful because the videos were altered and the Defendants lied. These objections demonstrate that the Magistrate Judge's Report

was correct. If Plaintiff can prove his convictions for assaulting a peace officer were wrongful, in that the videos were altered and the Defendants lied, then he can challenge these convictions through the state or federal habeas corpus procedures. If this challenge is successful and Plaintiff has his convictions overturned or set aside, he can then proceed in his civil lawsuit. *Heck*, 512 U.S. at 486 (stating "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to §1983 damage actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution"); *Aucoin v. Cupil*, 958 F.3d 379, 380-81 (5th Cir. 2020), *petition for certiorari filed* (§ 1983 lawsuits cannot be used to collaterally attack prior criminal proceedings). As the Magistrate Judge properly concluded, until Plaintiff's convictions for assault on a peace officer are overturned, expunged, or otherwise set aside, Plaintiff cannot proceed on civil rights claims implicating the validity of these convictions.

## V.     CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Reports of the Magistrate Judge are correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Reports of the Magistrate Judge (Docket Nos. 31 and 71) are **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's claim against Grievance Officer Barnett is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that the remaining Defendants' motion to dismiss (Docket No. 67) is **GRANTED** and the claims against these Defendants are **DISMISSED WITH PREJUDICE** to these claims being asserted again until such time as Plaintiff can show that his convictions for assault on a peace officer arising from the incident forming the basis of the lawsuit have been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**So ORDERED and SIGNED this 24th day of September, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE